UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HENNESSEY COLON,**

    Plaintiff,

vs.                                           Case No.

**SOUTHEASTERN GROCERS, INC.
d/b/a Winn-Dixie, a foreign profit
corporation, and ETHAN GREEN,
individually,**

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, HENNESSEY COLON, by and through the undersigned counsel, hereby files this Complaint against Defendants, SOUTHEASTERN GROCERS, INC., d/b/a as Winn-Dixie, a foreign profit corporation (hereinafter, referred to as "SEG") and ETHAN GREEN (hereinafter referred to as "Green") and in support thereof states as follows:

### INTRODUCTION

This is an action brought pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 *et seq*. ("FCRA"), and Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. 2000e *et seq*. ("Title VII"), and to hold Defendants accountable for being physically assaulted while at work, where Plaintiff seeks to recover front pay, back pay in lieu of reinstatement, lost benefits,

compensatory damages, emotional distress damages, pain and suffering damages, liquidated damages, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## PARTIES

1. SEG is a Foreign for-Profit Corporation, licensed to do business in Florida. At all material times hereto, Defendant maintained an office in Polk County, Florida.

2. Ethan Green, an individual Defendant, is a Polk County, Florida resident and was employed by SEG at all material times to this action.

3. Plaintiff is an adult individual who resides in Polk County, Florida.

4. Plaintiff was an employee as defined by the laws under which this action is brought.

5. At all times material hereto, Defendant SEG was an employer as defined by the laws under which this action is brought, as Defendant SEG employs greater than fifteen (15) or more employees and is an "employer" within the meaning of Title VII and the FCRA.

## JURISDICTION AND VENUE

6. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331.

7. This Court has supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1367.

8. Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Polk County, Florida.

9. The illegal conduct complained of, and the resulting injury occurred within the judicial district in and for the Middle District of Florida.

### TITLE VII / FCRA STATUTORY PREREQUISITES

10. Plaintiff is a female who was subjected to a hostile work environment based on her gender. As such she is a member of a class of individuals protected by Title VII and the FCRA.

11. Plaintiff was qualified for her position of employment.

12. Plaintiff was a sixteen (16) year old minor during her employment with Defendant.

13. Plaintiff made a complaint of sexual harassment and complained that she had been physically touched without her consent, putting her in fear for her safety. Mr. Ethan Green was both the harasser and the person who assaulted Plaintiff.

14. After making the complaint, the harassment continued, and Plaintiff was forced to continue to work with Mr. Green.

15. Ultimately, the police were called and conducted an investigation.

16. Due to SEG's complete failure to investigate Plaintiff's complaint and requiring Plaintiff, a minor, to continue working with the person sexually harassing and assaulting her, she was left with no choice but to tender her resignation, resulting in her constructive discharge.

17. Defendant SEG meets the statutory criteria for coverage as an "employer" under Title VII and the FCRA.

18. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

19. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 7, 2022, which is within 300 days of the last date of Defendant's alleged discriminatory and retaliatory conduct. Plaintiff was issued a right-to-sue letter by the EEOC on April 3, 2024. Therefore, this complaint is being filed within 90 days of receiving her right to sue letter.

20. Accordingly, Plaintiff has completed all other Title VII and FCRA requirements and all other prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

21. Plaintiff, a female, was a 16-year-old sophomore in high school when she obtained her first job working for SEG on or about December 23, 2021.

22. Plaintiff worked as a Cashier for SEG until her constructive discharge on February 11, 2022.

23. Plaintiff was ambitious, working part time after school and on weekends to contribute to household expenses, earn spending money, and save for college.

24. Plaintiff worked approximately 22 hours per week, juggling her part time job with her schoolwork.

25. Plaintiff worked several nights per week, usually from 3:00 p.m. until 10:00 p.m., and either morning or evening shifts on the weekends.

26. On or about December 30, 2021, Ethan Green, a 20-year-old male, and also an employee of SEG, began targeting Plaintiff by making inappropriate sexual gestures to her. Mr. Green would routinely gesture air kisses to Plaintiff while simultaneously flicking his tongue at her.

27. Shortly after Mr. Green began to target Plaintiff, Plaintiff's co-workers began asking Plaintiff if Mr. Green had tried to kiss her or ask her out on a date yet. Plaintiff's co-workers also informed her that "Ethan makes a lot of the girls here uncomfortable."

28. Throughout the month of January 2022, Mr. Green would repeatedly follow Plaintiff to the back of the store whenever she had to put away the items that customers had decided not to purchase. Restocking items was a requirement of both Mr. Green's and Plaintiff's job duties.

29. During many of these occasions, Mr. Green would follow Plaintiff to the back room, where he would stare and look her up and down while raising his eyebrows at her and making comments about her appearance.

30. Mr. Green frequently went into the store on his days off and specifically went to Plaintiff's register to check out so that she would have no choice but to talk to / assist him.

31. On one of those occasions, Plaintiff asked Mr. Green if he would like his milk in a plastic bag, as all cashiers were required to ask, and Mr. Green replied,

5

"How do you like your milk, do you like it wet?" while suggestively raising his eyebrow and smirking at Plaintiff.

32. Mr. Green was going in on his days off so regularly that Plaintiff's Night Shift Lead, Ryan McNeil, told Plaintiff that management was discussing asking Mr. Green to stop coming into the store on his days off.

33. In or about early to mid-January 2022, still less than a month since Plaintiff began working at SEG, Plaintiff brought her register to the back office to check out with Ryan. Checking out required that Plaintiff turn in all cash and credit card receipts for the day. While checking out, Mr. Green knocked on the door and Plaintiff answered because Mr. McNeil was counting money.

34. When Mr. Green saw that Plaintiff had answered the door, he asked her how she would rate herself on a scale of 1-10 and before she could answer, which she never did, Mr. Green stated that he rates Plaintiff as a "9.5." The comment was made directly in front of Mr. McNeil, and Mr. McNeil responded stating that Mr. Green cannot make comments like that to Plaintiff because she is only sixteen years old, and he could lose his job. It's unknown if Mr. Green would have been permitted to ask this question of a female employee who was not a minor.

35. Nevertheless, Mr. Green was not terminated for making the comment directly in front of a manager.

36. Despite the warning, Mr. Green continued to sexually harass Plaintiff. In or about mid-January 2022, after the check-out incident, Plaintiff was walking to the employee break room, referred to by the employees as the "Gnome Room,"

6

when Mr. Green walked up to Plaintiff, told her that he liked her hair and began to touch and play with her hair.

37. Plaintiff had never given Mr. Green any permission to touch her. Plaintiff, uncomfortable and visibly bothered with Mr. Green's display of physical harassment, immediately pulled away from him and told him not to touch her.

38. Soon thereafter, Mr. Green approached Plaintiff and told her that he wanted to "tap that ass."

39. On or about February 1, 2022, Plaintiff was in the Gnome Room when she was approached by another co-worker, who told her that Mr. Green's behavior was making her uncomfortable and asked if his behavior was also making Plaintiff uncomfortable. Plaintiff informed her co-worker of Mr. Green's continued harassment and the co-worker immediately informed one of the longer tenured Customer Service Representatives for SEG, Jamie Smith, about Mr. Green's behavior. Ms. Smith informed Plaintiff that she would need to speak with SEG's Store Manager, Derek Harris.

40. Plaintiff and her coworker complained to Mr. Harris about all that had occurred, including Mr. Green's physical touching of Plaintiff, as well as his repeated sexually harassing behavior. Afterwards, Mr. Harris told Plaintiff that he would notify her supervisor, Frenel Belchere, and the General Store Manager, Justin Hyder about Mr. Green's behavior.

Case 8:24-cv-01504-WFJ-AEP   Document 1   Filed 06/21/24   Page 8 of 20 PageID 8

41. Mr. Harris further stated that either Mr. Belchere or Mr. Hyder would take Plaintiff's statement by the end of her shift that day. However, neither person ever spoke with Plaintiff nor did anyone from SEG take Plaintiff's statement.

42. In addition to not taking Plaintiff's statement, no one from SEG ever called to inform Plaintiff's parents or the police about Plaintiff's reports of sexual harassment, assault, and battery.

43. Over the next few days, Plaintiff was forced to continue to work with Mr. Green on a least five more occasions.

44. SEG, being on notice of Mr. Green's behavior, did nothing to protect Plaintiff from Mr. Green's harassment.

45. During that time, Plaintiff's parents noticed physical and mental changes in their daughter. Plaintiff no longer desired to put any effort into her appearance when she went to work. They also believed that Plaintiff exhibited signs of depression and anxiety.

46. Specifically, Plaintiff was unable to sleep and exhibited other symptoms of anxiety.

47. On or about February 11, 2022, Plaintiff asked her mother what the difference was between sexual harassment and sexual assault. Plaintiff's mother, stunned at the question, asked what had happened. Plaintiff then informed her parents about what had been happening at work with Mr. Green.

48. That same day, Plaintiff and her mother went to SEG and filed a report with law enforcement.

49. While filing the report, Mr. Belchere told Plaintiff's mother that he had intended to get Plaintiff's statement but had failed to do so.

50. Plaintiff and her mother also filed a complaint with SEG's Human Resources department.

51. Mr. McNeil apologized to Plaintiff and stated, "I am so sorry, I didn't realize it was this bad."

52. After admitting that SEG's agents took no actions to investigate Plaintiff's complaints, and instead forced her to continue working with Mr. Green, Plaintiff was left with no option but to tender her resignation, resulting in her constructive discharge on February 11, 2022.

53. SEG's failure to take prompt, remedial measures to address Mr. Green's conduct enabled Mr. Green to sexually harass, and ultimately cause injury to Plaintiff. If SEG had been a responsible employer and exercised proper supervision, Mr. Green never would have been in a position to injure Plaintiff, or at the very least could not have continued his harassment of Plaintiff upon SEG being made aware of his conduct.

54. SEG's complete and utter failure to take any action to correct Mr. Green's conduct showed a callous disregard for the safety and welfare of all its female employees, including Plaintiff.

55. SEG's complete failure to enforce its own policies and supervise its employees created a work environment in which a 16-year-old child, who did not understand the difference between sexual harassment and sexual assault, was

subjected to unlawful, severe and pervasive sexual harassment, during which she was assaulted and battered, all for which SEG must be held accountable.

## COUNT I
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE FCRA

56. Plaintiff re-alleges and adopts paragraphs 1 – 55 as though set forth fully herein.

57. Plaintiff is a female who was subjected to a hostile work environment based on her gender and is therefore a member of a protected class.

58. Based on the described conduct above, Plaintiff was subjected to a hostile work environment in violation of the FCRA, when she had to endure harassing and inappropriate behavior from her coworker, Mr. Green.

59. The above-described conduct was not welcomed by Plaintiff.

60. The conduct was so severe and pervasive that a reasonable person would find the environment to be hostile and unwelcoming.

61. Defendant knew or should have known of the hostile work environment.

62. The hostile workplace environment was created and/or tolerated by Defendant with a reckless disregard for Plaintiff's rights under state law.  As a direct and proximate result of the environment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits and/or lost earning capacity;

    d.    Compensatory damages;

    e.    Punitive damages;

    f.    Injunctive relief;

    g.    Prejudgment interest;

    h.    Costs and attorney's fees; and

    i.    Such other relief as the Court may deem just and proper.

## COUNT II
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF TITLE VII

63. Plaintiff re-alleges and adopts paragraphs 1 – 55 as though set forth fully herein.

64. Plaintiff is a female who was subjected to a hostile work environment based on her gender and is therefore a member of a protected class.

65. Based on the described conduct above, Plaintiff was subjected to a hostile work environment in violation of Title VII when she had to endure harassing and inappropriate behavior from her co-worker, Mr. Green.

66. The above-described conduct was not welcomed by Plaintiff.

67. The conduct was so severe and pervasive that a reasonable person would find the environment to be hostile and unwelcoming.

68. SEG knew or should have known of the hostile work environment.

69. The hostile workplace environment was created and/or tolerated by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the environment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits and/or lost earning capacity;

d. Compensatory damages;

e. Punitive damages;

f. Injunctive relief;

g. Prejudgment interest;

h. Costs and attorney's fees; and

i. Such other relief as the Court may deem just and proper.

## COUNT III
### RETALIATION / CONSTRUCTIVE DISCHARGE IN VIOLATION OF THE FCRA

70. Plaintiff re-alleges and adopts paragraphs 1 – 55 as though set forth fully herein.

71. Plaintiff is a female who was subjected to a hostile work environment based on her gender and is therefore a member of a protected class.

72. Based on the described conduct above, Plaintiff was subjected to a hostile work environment in violation of the FCRA, when she had to endure harassing and inappropriate behavior from her coworker, Mr. Green.

73. The above-described conduct was not welcomed by Plaintiff.

74. The conduct was so severe and pervasive that a reasonable person would find the environment to be hostile and unwelcoming.

75. Plaintiff reported the sexual harassment / sexual assault to Defendant, yet it took no action to investigate Plaintiff's claims, took no action to prevent future harassment, and took no action to separate Plaintiff from the harasser.

76. As a result of Defendants' unlawful conduct and failure to follow its own procedures by investigating and taking corrective action, Plaintiff was forced to tender her resignation. Plaintiff would not have resigned had she not been harassed. Plaintiff's resignation was, in essence, forced to resign and, as such, Plaintiff was constructively discharged.

77. SEG knew of, allowed, and even created the discrimination and harassment that Plaintiff was subjected to.

78. At all times material hereto, SEG acted with malice and reckless disregard for Plaintiff's federally protected rights.

79. As a direct and proximate result of the events above, Plaintiff has suffered and continues to suffer loss of income and benefits, mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay in lieu of reinstatement and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees;

    h. Punitive Damages; and,

    i. Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION / CONSTRUCTIVE DISCHARGE IN VIOLATION OF THE FCRA

80. Plaintiff re-alleges and adopts paragraphs 1 – 55 as though set forth fully herein.

81. Plaintiff is a female who was subjected to a hostile work environment based on her gender and is therefore a member of a protected class.

82. Based on the described conduct above, Plaintiff was subjected to a hostile work environment in violation of Title VII, when she had to endure harassing and inappropriate behavior from her coworker, Mr. Green.

83. The above-described conduct was not welcomed by Plaintiff.

84. The conduct was so severe and pervasive that a reasonable person would find the environment to be hostile and unwelcoming.

85. Plaintiff reported the sexual harassment / sexual assault to Defendant, yet it took no action to investigate Plaintiff's claims, took no action to prevent future harassment, and took no action to separate Plaintiff from the harasser.

86. As a result of Defendants' unlawful conduct and failure to follow its own procedures by investigating and taking corrective action, Plaintiff was forced to tender her resignation. Plaintiff would not have resigned had she not been harassed. Plaintiff's resignation was, in essence, forced to resign and, as such, Plaintiff was constructively discharged.

87. SEG knew of, allowed, and even created the discrimination and harassment that Plaintiff was subjected to.

88. At all times material hereto, SEG acted with malice and reckless disregard for Plaintiff's federally protected rights.

89. As a direct and proximate result of the events above, Plaintiff has suffered and continues to suffer loss of income and benefits, mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay in lieu of reinstatement and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees;

h. Punitive Damages; and,

i. Such other relief as the Court may deem just and proper.

## COUNT V
## NEGLIGENT RETENTION AGAINST SEG

90. Plaintiff re-alleges and adopts paragraphs 1 – 55 as though set forth fully herein.

91. SEG continued to employ Green, even though it was aware, or should have been aware, of Green's inappropriate, and unlawful, conduct in violation of SEG policies.

92. SEG had a duty to Plaintiff to ensure a safe workplace, which SEG breached.

93. SEG knew, or should have known, that continuing to employ Green could result in Green injuring other employees.

94. SEG consciously chose not to conduct any investigation after being put on notice of Green's conduct and took no safeguards to protect Plaintiff from being subjected to his continued harassment and physical assaults.

95. Despite this knowledge, SEG failed to exercise reasonable care by continuing to employ Green, which was the proximate cause of Plaintiff's injuries, including pain, suffering, mental anguish, medical treatment, and loss of enjoyment of life. Plaintiff's losses are permanent and continuing, and she will continue to suffer losses in the future.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Judgment for all compensatory damages, including pain, suffering, mental anguish, medical treatment and loss of enjoyment of life; and

    b. For such other relief as the Court deems just and appropriate.

## COUNT VI
## NEGLIGENT SUPERVISION AGAINST SEG

96. Plaintiff re-alleges and adopts paragraphs 1 – 55 as though set forth fully herein.

97. SEG had a duty to Plaintiff to ensure a safe workplace.

98. SEG knew, or should have known, that failing to closely supervise Green would result in Green injuring other employees, including Plaintiff.

99. SEG failed to act when it had actual knowledge that Green was sexually harassing Plaintiff.

100. Despite the knowledge, SEG failed to exercise reasonable care in supervising Green, which was the proximate cause of Plaintiff's injuries, including pain, suffering, mental anguish, medical treatment, and loss of enjoyment of life. Plaintiff's losses are permanent and continuing, and she will continue to suffer losses in the future.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Judgment for all compensatory damages, including pain, suffering, mental anguish, medical treatment, and loss of enjoyment of life; and,

   b. For such other relief as the Court deems just and appropriate.

## COUNT VII
## BATTERY AGAINST GREEN

101. Plaintiff re-alleges and adopts paragraphs 1 – 55 as though set forth fully herein.

102. Green intentionally inflicted harmful and offensive physical contact upon Plaintiff.

103. Green's conduct and acts which gives rise to this Count occurred while in the performance of his duties.

104. SEG is vicariously liable for the acts of Green through the doctrine of respondeat superior.

105. Green's harmful and offensive physical contact caused Plaintiff's emotional distress.

106. Plaintiff's emotional distress is severe.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Judgment for all compensatory damages, including pain, suffering, mental anguish, medical treatment, and loss of enjoyment of life; and,

    b. For such other relief as the Court deems just and appropriate.

### DEMAND FOR A JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues so triable.

**Plaintiff specifically reserves the right to amend her Complaint to seek punitive damages against Defendants**

Dated this 21st day of June 2024.

    Respectfully submitted,

    **/s/ James J. Henson**
    JAMES J. HENSON, ESQ.
    Fla. Bar No. 0077476
    Morgan & Morgan, P.A.
    20 North Orange Avenue, Suite 1600
    P.O. Box 4979
    Orlando, FL 32801-4979
    Tel.: (407) 428-6241
    Fax: (407) 245-3342

Email: jjhenson@forthepeople.com
ssnider@forthepeople.com
*Counsel for Plaintiff*